# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SARAH M. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV26 |
| | ) | |
| V. | ) | |
| | ) | |
| ASERACARE HOME HEALTH CARE-OMAHA, L.L.C., GOLDEN LIVING ENTERPRISES, P.C., GOLDEN LIVING, L.L.C., GGNSC HOLDINGS, L.L.C., and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE, Company, | ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Request for Leave to File Third Amended Complaint (filing 60). Plaintiff's request will be denied.

## BACKGROUND

Plaintiff filed suit against Odyssey Healthcare, Inc. ("Odyssey"); Golden Living Enterprises, LLC d/b/a Golden Care Living Aseracare Home Health Care LLC ("Golden Living"); Blue Cross Blue Shield of Nebraska; Blue Cross Blue Shield of Texas; and Anthem Blue Cross Life and Health Insurance Company ("Anthem Blue Cross") in the District Court of Douglas County, Nebraska on or about November 8, 2012. (Filing 1-1.) The action was removed to this Court on January 16, 2013 (filing 1). Defendant Golden Living filed a motion to dismiss (filing 22) the Complaint on February 21, 2013. Defendants Blue Cross Blue Shield of Nebraska and Blue Cross Blue Shield of Texas filed a motion to dismiss (filing 23) on February 22, 2013. Defendant Odyssey filed a motion to dismiss (filing 28) on February 28, 2013.

On March 18, 2013, Plaintiff filed an Amended Complaint naming Odyssey; Aseracare Home Health Care LLC; Golden Living Enterprises, P.C.; Blue Cross Blue Shield

of Nebraska; Blue Cross Blue Shield of Texas; and Anthem Blue Cross as defendants. (Filing 29.) Golden Living filed a motion to strike Plaintiff's Amended Complaint (filing 30) on March 29, 2013. Odyssey filed a motion to dismiss the Amended Complaint (filing 32) on March 29, 2013. Blue Cross Blue Shield of Nebraska and Blue Cross Blue Shield of Texas filed a motion to strike, or in the alternative, motion to dismiss the Amended Complaint (filing 34) on April 1, 2013. Anthem Blue Cross filed a motion to strike Plaintiff's Amended Complaint (filing 37) and a motion to dismiss Plaintiff's Amended Complaint (filing 39) on April 4, 2013.

Plaintiff filed a request for leave to file a Second Amended Complaint (filing 42) on April 29, 2013. On that day, Plaintiff also filed a motion to dismiss Defendants Odyssey, Blue Cross Blue Shield of Nebraska, and Blue Cross Blue Shield of Texas (filing 44). Plaintiff's motion to dismiss was granted on May 2, 2013 (filing 45).

The Court granted Plaintiff's request for leave to file a Second Amended Complaint on May 3, 2013 (filing 46). In so holding, the Court denied the motions to strike filed by Golden Living, Blue Cross Blue Shield of Nebraska, Blue Cross Blue Shield of Texas, and Anthem Blue Cross as moot. (*Id*.) Also, in light of this ruling, the previously filed motions to dismiss (filings 22, 23, 28, 32, & 39) were denied as moot by separate order (filing 48).

On May 28, 2013, Plaintiff filed a Second Amended Complaint naming Aseracare Home Health Care-Omaha, LLC; Golden Living Enterprises, P.C.; Golden Living, LLC; GGNSC Holdings, LLC; Anthem Holding Corp.; and Blue Cross of California, Inc. as defendants (filing 50). Anthem Blue Cross was substituted for Defendants Anthem Holding Corp. and Blue Cross of California, Inc. on June 17, 2013. (Filing 58.)

Anthem Blue Cross filed a motion to dismiss the Second Amended Complaint (filing 56) on June 13, 2013. On July 26, 2013, the same day that she responded to the motion to dismiss filed by Anthem Blue Cross, Plaintiff filed her Request for Leave to File Third Amended Complaint (filing 60).

## DISCUSSION

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend. A court "appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quotation and citation omitted).

Considering the totality of the circumstances, the Court will deny Plaintiff's motion to amend. Plaintiff has already amended her complaint on two occasions. At the time of each of those amendments, motions to dismiss were pending. Now, in the face of another motion to dismiss, Plaintiff wants to amend her complaint for a third time. Notably, Plaintiff submitted her motion to file a third amended complaint on the very day she responded to the currently pending motion to dismiss filed by Anthem Blue Cross. Plaintiff has been given multiple chances to amend her complaint. Further attempts at amendment would unfairly prejudice Defendants, particularly given the pending motion to dismiss which is now ripe for ruling.

**IT IS ORDERED** that Plaintiff's Request for Leave to File Third Amended Complaint (filing 60) is denied.

**DATED September 12, 2013.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**