IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SARAH M. MITCHELL,<br><br>                  Plaintiff,<br><br>    vs.<br><br>ASERACARE HOME HEALTH CARE-OMAHA, L.L.C.; GOLDEN LIVING ENTERPRISES, P.C.; GOLDEN LIVING, L.L.C.; GGNSC HOLDINGS, L.L.C.; and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY;<br><br>                  Defendants. | **8:13CV26**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant Anthem Blue Cross Life and Health Insurance Company's[1] ("Anthem") motion to dismiss, Filing No. 56, plaintiff's second amended complaint, Filing No. 50, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq; plaintiff's opposition to the motion to dismiss, Filing No. 62; and Anthem's motion to strike, Filing No. 78, plaintiff's supplemental brief, Filing No. 73. In her second amended complaint, plaintiff seeks to recover benefits due under a welfare benefit plan that is self-funded. Also in her second amended complaint, plaintiff asserts claims for breach of contract under ERISA (Count I), breach of fiduciary duty (Count II), negligent misrepresentation (Count III), estoppel (Count IV), ERISA civil enforcement and penalties (Count V), a claim for attorney fees (Count VI), and an alternative claim

---

[1] Anthem Blue Cross was formerly known as BC Life and Health Insurance Co.

for equitable relief (Count VII).[2] Second Amended Complaint, Filing No. 50. Anthem contends it is only a third-party claims administrator to the Plans at issue in this lawsuit. Accordingly, Anthem argues there is no cause of action against it. Further, Anthem argues that plaintiff failed to exhaust her administrative remedies under the ERISA plan.

## BACKROUND

For purposes of this motion, the parties allege the following facts. Defendant AseraCare Home Health Care-Omaha, LLC, provides nursing home care in Omaha. Plaintiff was employed by AseraCare Home Health – Omaha, LLC, d/b/a AseraCare Home Health ("AseraCare") which is a subsidiary of Golden Living Enterprises, LLC, d/b/a Golden Living AseraCare Home Health Care, LLC ("Golden Living").[3] Plaintiff interviewed for this position in September 2008. Plaintiff contends that Ann Schlichting of AseraCare told her that the Golden Living Plan ("Plan") paid 80% and the Plan started day one of employment. Filing No. 50, Second Amended Complaint, ¶ 19. Plaintiff asked about the start date for the health coverage, as she anticipated having surgery in November 2008. She then accepted employment with AseraCare. Thereafter, plaintiff received a Blue Cross/Blue Shield plan in conjunction with her work for Golden Living.

Prior to the surgery, plaintiff contends she called Anthem and indicated she was having the surgery. Plaintiff states that an Anthem representative stated that Anthem only needed a certificate of insurance. Plaintiff underwent surgery in November 2008. Anthem made an adverse determination and did not pay for the majority of plaintiff's

---

[2] Plaintiff concedes that the causes of action set forth in Counts V, VI and VII can be dismissed as they are only claims for remedies. The court agrees and will dismiss those claims.

[3] Prior to accepting employment with AseraCare, plaintiff was employed by Odyssey Health Care, LLC, d/b/a Odyssey Healthcare of Omaha. She was covered under a health plan during her employment.

2

claims. Plaintiff contends she requested information regarding the denials, but she received no response. She states that she then filed an administrative appeal. See Filing No. 50, Second Amended Complaint, ¶¶ 33, 34 and 35. In 2010 she filed a workers' compensation case, and the court dismissed her suit. She then filed this action in state court and defendants removed it to federal court.

Initially, Anthem/AseraCare processed the claims, then asked for additional medical information from the doctors and hospital, but did not ask plaintiff for any additional information. Anthem indicated to plaintiff that additional information had been requested, that it needed to be furnished within 45 days, and if it was not furnished, Golden Living would make its determination based on the information before it. Decisions were made and the case was later reopened. The benefits were denied as to the hospital and two of the three doctors. The reason given for denial was that there was a waiting period for preexisting conditions. Plaintiff claims that no additional information was given to the plaintiff. On September 7, 2009, plaintiff's counsel wrote Anthem and requested the basis for the decision; a copy of the policy; and a copy of the coverage booklet. Likewise, on September 8, 2009, plaintiff made a similar request to Golden Living so she could determine whether to appeal the decision. She made similar requests on September 17, 21, 25, October 5, 11, and 22. These requests included follow-up letters by counsel requesting the same information. Finally, on November 21, 2009, counsel for plaintiff requested that David S. Helwig, CEO of Blue Cross of California, look into the matter and respond. According to plaintiff's counsel, plaintiff did not receive a response from any of the defendants. In December of 2009, plaintiff received a copy of Golden Living's plan description.

**STANDARD OF REVIEW**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558,

556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

## DISCUSSION

### A. Exhaustion

An ERISA plan participant's "claim for relief is barred," where the participant "fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 941 (8th Cir. 2010) (citation omitted). When an ERISA benefits plan clearly requires exhaustion, a claimant's failure to exhaust administrative remedies will bar the claimant from seeking relief in federal court. *Norris v. Citibank, N.A. Disability Plan*, 308 F.3d 880, 883 (8th Cir. 2002). The doctrine of exhaustion of administrative remedies serves important purposes—it enables an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision. *Back v. Danka Corp.,* 335 F.3d 790, 791 (8th Cir. 2003). The process is of substantial benefit to a reviewing court because it gives the court a factual predicate upon which to proceed. *Id.; see also Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004) (noting "exhaustion of plan remedies is favored because 'the plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an

5

exhaustion requirement encourages private resolution of internal employment disputes.'") (citations omitted). Nevertheless, since ERISA does not explicitly require exhaustion, the doctrine is not jurisdictional, but instead is a matter within the discretion of the trial court. See *Watts v. BellSouth Telecommunications, Inc.,* 316 F.3d 1203, 1206 (11th Cir. 2003) (characterizing the administrative exhaustion requirement as "a court-imposed, policy-based requirement"); *D'Amico v. CBS Corp.,* 297 F.3d 287, 291-92 (3d Cir. 2002); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir.1998); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996); *Amato v. Bernard,* 618 F.2d 559, 568 (9th Cir. 1980); *see also Burds v. Union Pacific Corp,* 223 F.3d 814, 817 (8th Cir. 2000) (reviewing under an abuse of discretion standard).

Further, ERISA plan beneficiaries are not required to exhaust their claims if they can demonstrate that exhaustion "would be wholly futile." *Burds*, 223 F.3d at 817 n.4. "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Coomer v. Bethesda Hosp., Inc.,* 370 F.3d 499, 504 (7th Cir. 2004). Exhaustion can also be excused if there is a lack of meaningful access to review procedures. See *Stark*, 354 F.3d at 671.

ERISA requires every employee retirement plan to establish a claims procedure, which must provide for adequate written denials of claims as well as an opportunity for "full and fair review" of a decision denying a claim "by the appropriate named fiduciary." 29 U.S.C. § 1133(2) (1982); 29 C.F.R. § 2560.503-1 (g) & (h)(1) & (2) (2004). Claims procedures are not deemed to provide a claimant a reasonable opportunity for a "full and fair review" unless they include 60 days in which to appeal, an opportunity to submit

6

evidence, and access to all relevant documents and records. 29 C.F.R. § 2560.503-1(h)(2)(i)-(iii). Further, the claims procedures must "[p]rovide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." *Id.*, § 2560.503-1(h)(2)(iv). In the case of group health care claims, claims procedures must provide for "a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual." *Id.*, § 2560.503-1(h)(3)(ii).

ERISA then provides a judicial forum for review of a claim to recover benefits. 29 U.S.C. § 1132(a)(1)(B) ("civil action may be brought . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan"; *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 384 (2002). In assessing futility or lack of meaningful access, the decision whether to excuse a failure to exhaust administrative remedies involves an assessment of "whether, in light of both the claimant's and the plan administrator's actions, it is fair to require the dismissal of the claimant's suit" pending compliance with administrative procedures. *Jurash v. Hartford Life Ins. Co.,* 2000 WL 364896, *2 (S.D. N.Y. 2000).

Plaintiff claims in her second amended complaint that she did in fact exhaust her administrative remedies. Second Amended Complaint, Filing No. 50, ¶ 33. She contends she appealed to Anthem on October 22 and November 7, 2009. *Id.* Further, plaintiff alleges that Anthem apparently did not process her appeals. Plaintiff states that

7

the plan requires a notice upon denial of the review procedures, reference to the plan provisions that operate as a basis for denial, a statement regarding her ERISA rights, and any additional materials needed regarding her claim. Ex. 39, pages 121-22. Plaintiff states she received a denial explanation for Dr. Stefanie Bolte's medical services, but received nothing for Dr. Emily Kean-Puccioni and Bergan Mercy Medical Center. Consequently, plaintiff contends that her appeal must be deemed denied. 29 C.F.R. § 2560.503-1(h). As for the futility of filing an appeal, plaintiff contends she made every attempt to appeal and to obtain the documents relevant to her appeal. Any further steps in the appeal process would have been futile.

It is unclear, argues Anthem, what plaintiff's alleged appeal consisted of, as her October 22, 2009, correspondence indicates she made a "request about the appeal process." Filing No. 50, Second Amended Complaint, ¶ 33. Anthem argues plaintiff did not appeal pursuant to the appeals process outlined in the Plan. Anthem also argues that the futility exception does not apply in this case.

For purposes of this motion, the court agrees with the plaintiff. First, it does not appear that proper notice of the denial and appeal rights were given to the plaintiff. Thus, exhaustion is not required. *See Brown v. J.B. Hunt Transport Services, Inc.*, 586 F. 3d 1079 (8th Cir. 2009) ("[the insurer's] failures to respond deprive [the claimant] of sufficient information to prepare adequately for further administrative review or an appeal to the federal courts."); 29 U.S.C. § 1133. Second, in any event based on the pleadings, it appears plaintiff did attempt to appeal, as did counsel, but her appeal was not processed. Third, it seems that both plaintiff and her counsel attempted to obtain the documents they are entitled to under the law, and those documents took a very long

time to make their way to the plaintiff. The court agrees with the plaintiff that any further pursuit would have been futile. Accordingly, based on the allegations as stated in the complaint, the court finds (1) plaintiff attempted to appeal, but was unable to do so, through no fault of her own, and (2) the court finds any further attempt would have been futile.

### B. Failure to State a Claim

Anthem contends that the denial of claims set forth in the amended complaint have nothing to do with Anthem, as Anthem played no role in the payment of benefits to the plaintiff. It asserts that the Plan was self-funded, and thus Anthem had no control over that issue. Further, the statute of limitations, argues Anthem, has run and bars all of plaintiff's claims. Plaintiff contends that she timely filed this lawsuit, but in any event, defendants are equitably estopped from raising such a defense because of their failure to respond to plaintiff's request for information.

#### (1) Timeliness of civil case

Anthem first argues that plaintiff's claims are untimely. "ERISA has no statute of limitations for actions to recover plan benefits." *Duchek v. Blue Cross and Blue Shield of Dist. of Neb.*, 153 F.3d 648, 650 (8th Cir. 1998). Thus, courts must "borrow the most analogous state statute of limitations." *Id*.

##### a. Fiduciary violation

Plaintiff argues that Count II sets forth a fiduciary violation of ERISA. The statute of limitations, contends plaintiff, under 29 U.S.C. § 1132(a)(2) or (3) and 29 U.S.C. § 1113, is the earlier of six years after the date of the most recent action that is part of the

9

breach or three years after the earliest on which plaintiff had actual knowledge of the breach.[4]

Plaintiff argues that even if this court applied the three-year statute of limitations, it would not bar her claim. The Eighth Circuit has stated an ERISA claim accrues when the administrator has "formally denied an applicant's claim for benefits or when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." *Cavegn v. Twin City Pipe Trade Pension Plan,* 223 F.3d 827, 829-830 (8th Cir. 2000).

Anthem counters contending that plaintiff hired counsel by September 7, 2009, and thus was on notice at that time of her alleged claims. However, plaintiff did not file her lawsuit until November 2012. Thus, she is out of time under a three-year statute of limitations, argues Anthem.

Defendants issued the denial of two of the claims, dated August 27, 2009, and August 20, 2009. After waiting and not receiving a response, plaintiff filed an appeal. Anthem thereafter had 30 days to process the appeal which would have been November 21, 2009. No decision issued. Thereafter, plaintiff filed this lawsuit on November 8, 2012. Plaintiff contends that the filing occurred within the three-year window of time.

---

[4]29 U.S.C. § 1113 provides:

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of-

( 1 ) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the last date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . . .

As regards the claim of breach of fiduciary relationship, the court finds the three-year statute of limitations applies. Looking at the facts as set forth in the second amended complaint, time for a response from Anthem could have been as late as November 21, 2009. The plaintiff filed this lawsuit on November 8, 2012, which is within the three-year period of time. Accordingly, the court finds under the facts of the second amended complaint, this cause of action is not time barred.

### b. Breach of contract claims

As to Counts I, III and IV, plaintiff states these counts are most similar to breaches of contract, and said statute of limitations is five years. Neb. Rev. Stat. § 25-205(1). The Eighth Circuit has characterized these claims as breach of contract claims. *Johnson v. State Mutual Life Assurance Company,* 942 F.2d 1260 (8th Cir. 1991) ("a suit for ERISA benefits under [section] 1132(a)(1)(B) should be characterized as a contract action for statute of limitations purposes, unless a breach of the ERISA trustee's fiduciary duties [are) alleged." *Id.* at 1263. In support, plaintiff points to Plan language which states: "[t]he Plan is a self-funded health covered plan, not an insurance policy. This means that contributions from both you and the Company must cover the costs of benefits utilized." Filing No. 67-2, at Page ID # 652.

The court finds the five-year statute of limitations applies to the claims set forth in Counts I, III, and IV. Accordingly, those claims are clearly not time barred. Based on the facts as set forth in the second amended complaint, the court finds plaintiff is not barred by the statute of limitations on these causes of action either.

### (2)  Failure to state a substantive claim against Anthem

Anthem next argues that it acted only as a third-party claims administrator for Odyssey and AseraCare plans.  Anthem also states that there is no allegation that Anthem was responsible for denying payment under the plans.

Plaintiff asserts that defendants denied medical care to the plaintiff, and that AseraCare is responsible for payment of claims under the Plan.  Filing No. 50, Second Amended Complaint, ¶ 21.  Plaintiff contends that the language of the Plan is written in such a way that it intertwines and overlaps the various defendants.  For example, plaintiff points out that the Plan states the Plan Sponsor is [defendant] Golden Living.  The Plan Administrator is the Committee.  The Plan establishes the defendant BC Life Health Insurance Company as the Committee and the "Plan Administrator" was "[t]he Committee."  However, later in the Plan, it states that defendant "Golden Living is the Plan Administrator."  Plaintiff alleges that "Golden Living" was the "Plan Administrator" and Anthem was the "Claims Administrator."  Filing No. 50, Second Amended Complaint, at ¶ 47–48.  See *Hall v. Lhaco, Inc.,* 140 F.3d 1190, 1196 (8th Cir. 1998) (a claim for benefits under ERISA "can only be obtained against the Plan itself" or "the current plan administrator . . . .").  Thus, the Plan indicates that defendants "Golden Living and BC Life Health Insurance Company (Anthem) both are the Plan Administrators."  Further, the Plan states that BC Life and Health Insurance Company, via Anthem Blue Cross, shall perform all administrative services as claim administrator.  Plaintiff states that the Plan indicates that:  "The Claims Administrator has the complete discretion and authority to construe and interpret the Plan, decide all questions of eligibility and benefits, make underlying factual determinations, and adjudicate all claims

12

and appeals." Filing No. 67-2, Plan, at p. 148, ID Page #772. Anthem is also named as the Claims Administrator, it argues.

The court finds that at this point in the case numerous ambiguities exist within the Plan as to who is the Plan Administrator. The pleadings set forth plausible claims for relief. Anthem is free following discovery to raise this claim in a motion for summary judgment, if the evidence so dictates. At this point, however, the court finds the plaintiff states a claim sufficient to comply with the dictates of *Twombly* and *Iqbal*.

### (3)  Failure to state a claim against Anthem as a fiduciary

The Plan further states: "ERISA imposes duties upon 'fiduciaries', generally persons who are responsible for the administration and operation of your Plan. 'Fiduciaries' under ERISA have a duty to perform their obligations and responsibilities under the Plan prudently and in the interests of you [the participant] and beneficiaries." 67-2, Plan, at ID Page #774. Plaintiff contends that the Plan as written gives AseraCare and Anthem and Golden Living duties to interpret and construe the plan. AseraCare manages the operation and administration of the Plan and Anthem did the administration, argues plaintiff.

Anthem contends that there are no facts pleaded that support a claim for a breach of a fiduciary relationship. See 29 U.S.C. § 1002(21)(A) (defining, in pertinent part, an ERISA fiduciary as one who "has" or "exercises any discretionary authority or discretionary control" over the ERISA plan or its assets). Plaintiff alleges that the "PLANS' fiduciar[ies]" were "ASERACARE HOME HEALTH CARE OMAHA, L.L.C.; GOLDEN LIVING ENTERPRISES, P.C.; GOLDEN LIVING, L.L.C.; GGNSC HOLDINGS, L.L.C. and ASERACARE." Second Amended Complaint, Filing No. 50,

13

¶¶ 67, 51. However, Anthem argues it is not specifically included in this allegation. Accordingly, Anthem argues it should be dismissed for this reason.

Plaintiff contends that both Golden Living and Anthem are administrators and operate the Plan jointly, and thus exercise discretion and meet the definition of fiduciary. See 29 U.S.C. 1002(21)(A)(i) defines a "fiduciary" as "a person . . . with respect to the extent he exercises any discretionary authority or discretionary control with respect to the management of such plan or exercises any . . . discretionary authority or discretionary responsibility. . . ." Further, the Plan states: "ERISA imposes duties upon 'fiduciaries', generally persons who are responsible for the administration and operation of the Plan. 'Fiduciaries' under ERISA have a duty to perform their obligations and responsibilities under the Plan prudently and in the interests of . . . [the] participants. . . ." Filing No. 67-2, 150, Page ID #774.

The court agrees with the plaintiff and finds the allegations in the second amended complaint state a claim against Anthem on this count under ERISA. As previously stated, the court agrees with the plaintiff that the language throughout the Plan as presented to date is ambiguous. Further, plaintiff has clearly alleged that these defendants were part and parcel of each other and unified in all respects. *See* Filing No. 50, Second Amended Complaint, ¶¶ 45 and 46.

### *(a) Failure to state a claim for negligent misrepresentation against Anthem*

Anthem contends that there is no claim for negligent misrepresentation against it (Count III), as Ann Schlichting, who allegedly made statements about insurance payments and start dates, never represented Anthem. The court agrees with this proposition, and there is nothing on the face of the amended complaint to indicate

otherwise. Anthem is not named in this count in terms of any negligent misrepresentation. There is no allegation that anyone from Anthem made a negligent misrepresentation to plaintiff. Accordingly, the court will dismiss the misrepresentation claim as to Anthem.

### (b) Failure to state a claim against Anthem on the basis of estoppel

Likewise, Anthem contends the claim for estoppel (Count IV) must fail, as the claim fails to state a factual or legal cause of action against it. Plaintiff contends that Anthem failed to supply her with any information about preexisting conditions in the Plan as required under ERISA and allowed her to have the surgery without a Certificate of Group Health Coverage. Finally, plaintiff argues that she clearly informed Golden Living that she would have surgery in November, and yet she received nothing regarding a preexisting condition exclusion as required under 29 C.F.R. § 2590.701-3(c).[5]

However, as alleged, to the extent this is a state law cause of action as discussed by the court hereinafter, it is not permissible. To the extent it is based totally on the ERISA claims, the court agrees that plaintiff is entitled to raise her estoppel claim in that context only. See *Brant v. Principal Life and Disability Ins. Co.*, 50 Fed. Appx. 330, 332 (8th Cir. 2002); 29 U.S.C. § 1132(a)(3)(B).

### C. State Law Claims preempted under ERISA

Anthem contends that plaintiff's state law claims are preempted under ERISA Section 514(a) and should be dismissed. See 29 U.S.C. § 1144(a). Section 514 expressly provides that ERISA "supersede[s] any and all State laws insofar as they may

---

[5] 29 C.F.R.2590.701-3(c) provides as follows: "(c) General notice of preexisting condition exclusion. A group health plan imposing a preexisting condition exclusion . . . must provide a written general notice of preexisting condition exclusion to participants under the plan and cannot impose a preexisting condition exclusion with respect to a participant or a dependent of the participant until such a notice is provided."

15

now or hereafter relate to any employee benefit plan" governed by ERISA. *Id.* State laws "relate to" an employee benefit plan if they have "a connection with" or a "reference to" such a plan. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). The Eighth Circuit has held that ERISA also preempts common law tort actions related to an ERISA plan. *Thompson v. Gencare Health Sys., Inc.*, 202 F.3d 1072, 1073 (8th Cir. 2000) (stating the "controlling principles [of ERISA] are well-settled in this circuit," to show that ERISA preempts "state common law tort and contract actions") (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43 (1987), and citing ERISA Section 514(a), 29 U.S.C. § 1144(a)).

Plaintiff argues that her state causes of action should not be preempted under ERISA. State law relates to ERISA if it (1) expressly refers to an ERISA plan, or (2) has a connection with such a plan. *Shea v. Esensten,* 208 F.3d 712 (8th Cir. 2000). The negligent misrepresentation, argues plaintiff, is not connected to the ERISA plan. The Eighth Circuit has stated:

> To determine the existence of this forbidden connection, the Supreme Court directs us to "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive as well as to the nature of the effect of the state law on ERISA plans." *Id.* (internal quotations and citation omitted). In addressing the effect of the state law on an ERISA plan, we consider a variety of factors, including:
>
> [I] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power.

16

*Wilson v. Zoellner*, 114 F.3d 713, 717 (8th Cir. 1997) (quoting *Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344-45 (8th Cir. 1991)).

Anthem contends that plaintiff's first (breach of contract), second (breach of fiduciary duties), third (false representations), and fourth (estoppel) causes of action are preempted by § 514. The court finds that the first two causes of action are clearly ERISA claims. Thus, they will not be dismissed.[6] The court determined that the misrepresentation claim is dismissed against Anthem and it need not address that issue with regard to Anthem.

With regard to the estoppel claim, to the extent it is based on state law, it is dismissed. *See Anderson v. John Morrell & Co.*, 830 F.2d 872, 875 (8th Cir. 1987) (citing *Salomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659, 660 (4th Cir. 1986) stating that state-law estoppel claims are preempted by ERISA). If plaintiff's ERISA claims proceed to trial, the plaintiff will be free to develop any estoppel arguments either at the summary judgment stage or at trial as they relate to ERISA, but not on the basis of a separate state law cause of action.

### D. Motion to Strike, Filing No. 78

Defendant also moves to strike, Filing No. 78, plaintiff's supplemental brief, Filing No. 73. The court agrees and will strike the brief. First, it is duplicative of plaintiff's previous brief, Filing No. 63. Second, plaintiff failed to seek permission of the court to file this brief. *See* NECivR 7.1(c) (parties may not file additional briefs or evidence without leave of the court.)

---

[6] However, to the extent the plaintiff attempts to make these two causes of action separate state causes of action, the court will not permit them to proceed.

THEREFORE, IT IS ORDERED:

1. Anthem's motion to dismiss, Filing No. 56, is granted with respect to Counts V, VI, and VII.

2. Anthem's motion to dismiss, Filing No. 56, the estoppel claim to the degree it is based on state law claims, is granted on the basis of preemption under ERISA.

3. Anthem's motion to dismiss, Filing No. 56, the negligent misrepresentation claim is dismissed as it fails to state a claim against Anthem.

4. Anthem's motion to dismiss, Filing No. 56, the ERISA contract and ERISA fiduciary claims against Anthem as set forth in Counts I and II are denied.

5. Anthem's motion to strike, Filing No. 78, plaintiff's supplemental brief, Filing No. 73, is granted.

Dated this 28th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge